IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT EARL BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:16-cv-02344-JPM-cgc |
| v. ) | Cr. No. 2:10-20320-JPM-tmp-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Robert Earl Brown, Bureau of Prisons register number 24357-076, who is currently incarcerated at the high-security United States Penitentiary ("USP") Coleman II in Sumterville, Florida. (§ 2255 Mot., *Brown v. United States*, No. 2:16-cv-02344-JPM-cgc (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2255 Motion.

**I.    PROCEDURAL HISTORY**

   **A.    Criminal Case Number 10-20320**

On September 22, 2010, a federal grand jury returned a single-count indictment charging that, on or about January 1, 2010, Brown, a convicted felon, possessed a Marlin-Glenfield .22 caliber rifle, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Brown*, No.

2:10-cr-20320-JPM-tmp-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence report ("PSR"):

### The Offense Conduct

4. According to the investigative file, on January 1, 2010, Memphis Police Department officers responded to a robbery call at 861 Josephine Street, Memphis, TN, where they were advised by Rubin Baugh that he was robbed by **Robert Brown** and an unknown male subject. Mr. Baugh stated that **Brown** went to the residence looking for Erica Miller, who was dating both **Brown** and Mr. Baugh. Mr. Baugh advised **Brown** that Ms. Miller did not want to speak to him and closed the door. **Brown** stood on the porch, cursing, for approximately five minutes. Prior to leaving, **Brown** threatened to return to the residence and kill Mr. Baugh.

5. **Brown** and the unknown male subject returned to the residence approximately thirty minutes later. Erica Miller opened the door and **Brown**, armed with a shotgun, forced entry into the residence. **Brown** pointed the shotgun at Mr. Baugh before striking him on the shoulder with the shotgun. **Brown** stated to Mr. Baugh, "gimme that money, bitch." The male subject knocked Mr. Baugh to the ground and took $46 from Mr. Baugh's pocket and a gold herringbone necklace (valued at $150) from his neck. **Brown** and the male subject then fled the residence on foot. Mr. Baugh denied sustaining any injuries from being struck on the shoulder.

6. A witness to the incident advised officers that she observed **Brown** enter the residence with a shotgun but that she did not see the robbery because she ran and hid.

7. Later that day, officers responded to a disturbance call at 851 Laurel Street, Memphis, TN, where Erica Miller advised that **Brown** was in her residence and armed with a shotgun. She further stated that **Brown** threatened to kill her. Upon arrival at the scene, officers observed **Brown** standing inside the residence near the front door. **Brown** initially refused to open the door, but officers eventually gained entry into the residence. **Brown** was taken into custody and Ms. Miller provided officers with written consent to search the residence. Officers located a Marlin .22 caliber rifle behind the television stand in the living room.

. . . .

9. An examination of the weapon conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives revealed the firearm possessed by **Brown**, a Marlin-Glenfield, Model 60, .22 caliber rifle, serial number

72245554, was not manufactured in Tennessee and therefore, at some point, traveled in interstate and/or foreign commerce. A criminal history search revealed **Brown** is a convicted felon.

(PSR ¶¶ 4-7, 9.)

Brown appeared before the Court on July 14, 2011, to plead guilty to Count One of the Indictment. (Min. Entry, *United States v. Brown*, No. 2:10-cr-20320-JPM-tmp-1 (W.D. Tenn.), ECF No. 60.) At a hearing on November 21, 2011, the Court sentenced Brown as an armed career criminal to a term of imprisonment of 192 months, to be followed by a four-year period of supervised release. (Min. Entry, *id.*, ECF No. 70.)[1] Judgment was entered on the same day. (J. in a Criminal Case, *id.*, ECF No. 72.) The United States Court of Appeals for the Sixth Circuit affirmed Brown's sentence on August 3, 2012. *United States v. Brown*, 490 F. App'x 779 (6th Cir. 2012) (per curiam).

---

[1] The 2010 edition of the *Guidelines Manual* was used to calculate Brown's sentencing range. (PSR ¶ 14.) Pursuant to § 2K2.1 of the United States Sentencing Guidelines ("U.S.S.G."), cross-referencing § 2X1.1 and § 2B3.1, the base offense level for felon in possession of a firearm is 20 when the defendant used or possessed any firearm in connection with the commission of a robbery. (*Id.* ¶ 15.) Brown received a six-level enhancement because the firearm was not discharged but was otherwise used, U.S.S.G. § 2B3.1(b)(2)(B). (*Id.* ¶ 16.) Brown also received a two-level enhancement because a person was physically restrained to facilitate the commission of the offense or to facilitate escape, U.S.S.G. § 2B3.1(b)(4)(B). (*Id.* ¶ 17.) Brown received a three-level reduction for acceptance of responsibility (*id.* ¶ 22), resulting in an adjusted offense level of 25 (*see id.* ¶ 23). Given his criminal history category of VI, the guideline sentencing range ordinarily would have been 110-137 months. (*2010 Guidelines Manual*, Ch. 5, part A – Sentencing Table.)

Because of his prior convictions for violent felonies, however, Brown was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(e), and U.S.S.G. § 4B1.4. Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the offense level was 34 and the criminal history category was VI. (*Id.* ¶ 24.) After accounting for Brown's three-level reduction for acceptance of responsibility (*id.* ¶ 25), the total offense level was 31 (*id.* ¶ 26). The guideline sentencing range was 188-235 months. (*Id.* ¶ 110.) Brown was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e). (*Id.* ¶ 109.)

### B. Case Number 16-2344

On May 19, 2016, Brown filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Brown v. United States*, No. 2:16-cv-02344-JPM-cgc (W.D. Tenn.), ECF No. 1.) This motion presents the following issue: "the recent decision in [*Johnson v. United States*], 135 S. Ct. 2551 (2015), and *Welch v[]. United States*, [136 S. Ct. 1257 (2016)], invalidated the use of the Movant's two convictions for burglary of a building and six convictions of second degree burglary" as predicate offenses under the ACCA. (Mem. in Supp. of § 2255 Mot. at 1, *id.*, ECF No. 1-1.)

## II. THE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules").

## III. ANALYSIS

Brown asserts that the Supreme Court's ruling in *Johnson v. United States* invalidates the predicate offenses used to classify him as a career offender and, therefore, his sentence is improperly calculated. (Mem. in Supp. of § 2255 Mot. at 1, *Brown v. United States*, No. 2:16-cv-02344-JPM-cgc (W.D. Tenn.), ECF No. 1-1.) Brown's reliance on *Johnson* is misplaced because *Johnson* has no bearing on his sentence. Regardless of whether Brown's 2000 and 2004 convictions for burglary of a building remain predicate offenses under the ACCA, Brown has six predicate second-degree burglary convictions that are unaffected by *Johnson*. Accordingly, Brown's motion lacks merit and is denied.

### A. *Johnson v. United States*

The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and that the

5

application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . ."); *see also In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015) (granting a motion to file a second § 2255 petition in light of *Johnson*).

### B. Brown's Prior Convictions

The prior convictions used to qualify Brown as a career offender were six Tennessee convictions for second-degree burglary from 1987 and 1988 (PSR ¶¶ 29-34), a 2000 Tennessee conviction for burglary of a building (*id.* ¶ 52), and a 2004 Tennessee conviction for burglary of a building (*id.* ¶ 54). The Sixth Circuit found, in the underlying direct appeal, that Brown's second-degree burglary convictions qualified as violent felonies under "the enumerated[-]offense[ clause] in § 924(e)(2)(B)(ii)." *United States v. Brown*, 490 F. App'x 779, 780 (6th Cir. 2012) (quoting *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012)). Brown's six second-degree burglary offenses alone qualify him as an armed career criminal; thus, whether *Johnson* invalidates the use of his convictions for burglary of a building is immaterial. *Cf. United States v. Moore*, 578 F. App'x 550, 554-55 & n.3 (6th Cir. 2014) (finding that a conviction under Tennessee Code § 39-14-402(a)(3) qualifies as a violent felony under the residual clause and declining to determine whether it also qualifies under the enumerated-offense clause).

The motion, together with the files and record in this case "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court therefore finds that a response is not required, and that the motion may be resolved without an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.), *cert denied*, 479 U.S. 1017 (1986). Because Brown is not entitled to relief based on *Johnson*, the Court DENIES the § 2255 Motion.

IV.  **APPEAL ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

7

There can be no question that the issue raised in Brown's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Brown on the issue raised in his § 2255 Motion does not merit further review, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

**IT IS SO ORDERED**, this 15th day of June, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] If Brown files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.